FILED

2012 May-11 PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
· 2012 MAY 11  P 3: 20  NORTHEASTERN DIVISION
U.S. DISTRICT COURT

| | | |
|---|---|---|
| P E.CNOFNAISABYAHA V A N I A LUMBERMENS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-12-S-865-NE |
| | ) | |
| BUETTNER BROTHERS LUMBER COMPANY, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This diversity jurisdiction case is before the court on the petition of plaintiff,

Pennsylvania Lumbermens Mutual Insurance, asking the court to appoint a neutral

to umpire a dispute between the parties' respective appraisers over the amount of a

covered loss, the counterclaim of defendant, Buettner Brothers Lumber Company,

Inc., seeking the same relief, and defendant's motion for oral argument.[1]

Defendant holds a commercial property insurance policy issued by plaintiff and

insuring a building owned by defendant located at 700 7th Avenue in Cullman,

---

[1] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire); doc. no. 3 (Answer and Response to Petition for Appointment of Umpire), at 5-6; and doc. no. 4 (defendant's Motion for Oral Argument). This court has jurisdiction over this action under 28 U.S.C. § 1332. Plaintiff is a Pennsylvania corporation and its principal place of business is Pennsylvania, and defendant is an Alabama corporation and its principal place of business is Alabama. *Id.* at 1-2. The amount in controversy is well in excess of $75,000. *See id.* at 4 ("Buettner contends that its losses are approximately $700,000 more than [plaintiff] has identified and paid . . . .").

Alabama.[2] The action arises from an insurance claim filed by defendant following damage suffered by an EF-4 tornado on or about April 27, 2011.[3] Plaintiff engaged an independent adjuster who determined that the covered losses totaled $630,300.37, and plaintiff subsequently paid defendant that amount.[4]

Defendant contends that it suffered covered losses greater than those identified by plaintiff's adjuster, however,[5] and invoked the appraisal provision of the insurance policy.[6] The policy provisions controlling that process read as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. *If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.* The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. *A decision agreed to by any two will be binding.* Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.

---

[2] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire) ¶ 3.

[3] *See id.* ¶¶ 6-7; doc. no. 3 (Answer and Response to Petition for Appointment of Umpire) ¶¶ 6-7.

[4] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire) ¶ 9; doc. no. 3 (Answer and Response to Petition for Appointment of Umpire) ¶ 9.

[5] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire) ¶ 10; doc. no. 3 (Answer and Response to Petition for Appointment of Umpire) ¶ 10.

[6] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire) ¶ 11; doc. no. 3 (Answer and Response to Petition for Appointment of Umpire) ¶ 11.

2

If there is an appraisal, we still retain our right to deny the claim.[7]

Defendant engaged an appraiser to represent its interests, and the appraiser valued the physical damage to the covered property at $1,309,667.80.[8]

The parties' appraisers could not agree on the choice of an umpire, and plaintiff filed the subject petition on March 19, 2012,[9] and simultaneously submitted the names of three potential umpires.[10]   Defendant answered the petition on April 6, 2012, asserted a counterclaim requesting the court to appoint a neutral umpire under the policy provisions quoted above,[11] and proposed two additional umpires.[12] Thereafter, the parties submitted briefs outlining their arguments in favor of their proffered umpires and objections to the names submitted by the opposing party.[13]

Finally, defendant "requests a scheduling order and/or reasonable time designation within which an Umpire shall take evidence and render a deicision," and "requests the Court to retain jurisdiction of the matter pending complete and final

---

[7] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire), Ex. B (Insurance Policy), at 9.

[8] *Id.* ¶ 13; doc. no. 3 (Answer and Response to Petition for Appointment of Umpire) ¶ 13.

[9] *See* doc. no. 1 (Petition for Appointment of a Neutral Umpire), at 5.

[10] *Id.* ¶ 17.

[11] *See* doc. no. 3 (Answer and Response to Petition for Appointment of Umpire), at 5-6.

[12] *Id.* at 4-5.

[13] *See* doc. no. 7 (Defendant's Memorandum in Support of Proffered Umpires); doc. no. 8 (Petitioner's Position Statement for Court Appointed Umpires).

resolution of the claims of the parties."[14]

## I. UMPIRE CANDIDATES

The policy does not outline any criteria to be used in the umpire selection process.[15] "[G]enerally accepted insurance principles dictate only that 'an umpire selected to arbitrate a loss should be disinterested, unprejudiced, honest and competent.'" *Brothers v. Generali U.S. Branch*, No. CIV.A. 1:97-CV-798-MHS, 1997 WL 578681, at *3 (N.D. Ga. July 11, 1997) (quoting 6 Appleman, *Insurance Law and Practice* § 3928, at 554 (1972)). The umpire "should be impartial, honest, and competent, and should not live an unreasonable distance from the scene of the loss." *Corpus Juris Secundum*, Insurance § 1897 (2011).

### A. Umpires Proffered by Plaintiff Pennsylvania Lumbermens Mutual Insurance Company

#### 1. A. H. "Nick" Gaede, Jr.

Nick Gaede is an attorney with the firm of Bainbridge, Mims, Rogers & Smith in Birmingham, Alabama.[16] The biographical information provided by plaintiff from the website of Gaede's firm states that he "practices in the areas of construction law,

---

[14] *See* doc. no. 3 (Answer and Response to Petition for Appointment of Umpire), at 6.

[15] *See generally* Insurance Policy.

[16] *See* doc. no. 8 (Petitioner's Position Statement for Court Appointed Umpires), Ex. A (Background of Umpires Proffered by Pennsylvania Lumbermens), at 9.

alternative dispute resolution, international litigation, and business litigation."[17] He

received a Bachelor of Science from Yale University and a Bachelor of Laws from

Duke University.[18]

### 2.    Arthur J. Hanes, Jr.

Arthur Hanes is an attorney with the firm of Upchurch, Watson, White & Max

in Birmingham, Alabama.[19] According to the information submitted by plaintiff from

Hanes's profile on the website of The National Academy of Distinguished Neutrals,

Hanes "served as a Circuit Judge, Civil Division for the 10th Judicial Circuit of

Alabama from 1984 until his retirement in 2002, when he launched his ADR practice,

specializing in arbitration, . . . ."[20] The firm website also states that he has experience

in the areas, among others, of "commercial/business," "construction," "contract

disputes," and "insurance."[21]    He received a Bachelor of Arts from Princeton

University and a Juris Doctor from the University of Alabama.[22]

### 3.    William A. Ratliff

William Ratliff is an attorney with the firm of Wallace, Jordan, Ratliff &

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 6.

[20] *Id.*

[21] *Id.*

[22] *See* doc. no. 8 (Petitioner's Position Statement for Court Appointed Umpires), Ex. A (Background of Umpires Proffered by Pennsylvania Lumbermens), at 7.

Brandt in Birmingham, Alabama.[23]   According to the information submitted by

plaintiff from Ratliff's profile on the website of The National Academy of

Distinguished Neutrals, the focus of his legal practice is his service as a mediator and

arbitrator, and he serves as a federal court neutral.[24]   He also has experience in the

areas of commercial litigation and insurance defense.[25]   He received a Bachelor of

Science from the University of Alabama and a Juris Doctor from the Cumberland

School of Law.[26]

**B.    Umpires Proffered by Defendant Buettner Brothers Lumber Company, Inc.**

**1.    John A. Voelpel III**

Since 1998, John Voelpel has worked at Voelpel Claim Service, Inc., in

Orlando, Florida.[27]   Prior to 1998, he worked at American States Insurance and

Nationwide Insurance.[28]   At those companies, he held several positions, including

"Claims Examiner," "Claims Coordinator," "Claims Representative," "Branch Claims

---

[23] *Id.*

[24] *Id.*

[25] *Id.* at 8.

[26] *Id.*

[27] *See* doc. no. 5 (Curriculum Vitae of John A. Voelpel III), and Ex. 3 (Resume of John A. Voelpel III, CPCU, AIC, and description of Voelpel Claim Service, Inc.).

[28] *Id.*

Manager," and "Division Claims Supervisor."[29]  Voelpel has been a member of the

Umpire Committee of the Windstorm Insurance Network, Inc. since the inception of

the committee, and he has taught "Umpire Certification at every conference and

symposium."[30]

Additionally, defendant submitted a list of the 853 appraisal matters in which

Voelpel has been involved.[31]  Of those 853 appraisal matters, Voelpel served as the

appointed umpire in 801, on behalf of the insured in 2, and on behalf of the insurance

carrier in 50.[32]  In 24 of those appraisal matters, a court appointed Voelpel as an

umpire.[33]

## 2.    Douglas J. McColl Jr.

Douglas McColl is a contractor and adjuster from Mobile, Alabama.[34]  He

performs insurance claims adjusting, appraisals, and serves as an umpire through

DSM & Associates, Inc.[35]  Since 1985, he performed claims adjusting following 25

---

[29] *Id.*

[30] *Id.*

[31] Doc. no. 5 (Curriculum Vitae of John A. Voelpel III), and Ex. 1 (List of Voelpel's Appraisal Experience).

[32] *Id.*

[33] *Id.*, Ex. 3 (Statement of Voelpel's Experience).

[34] Doc. no. 5, Ex. 4 (Resume of Douglas J. McColl Jr.).

[35] *Id.* at 2.

hurricanes and tropical storms.[36]  He has been selected as an umpire for at least 40

appraisals since 1996.[37]  Finally, he has handled wind storm claims, and attended the

Windstorm Insurance Network conference.[38]

## II.  ANALYSIS

### A.  Bias

Plaintiff argues that both of the umpire candidates offered by defendant would

show bias in favor of defendant, the insured.  Plaintiff states that both of defendant's

proposed umpires "make their living in the insurance claim industry and have close

affiliations with public adjusters who advocate for insureds."[39]  Plaintiff further

alleges that "[b]ased on inquiries with attorneys in Florida and other sources, [it]

believes prior rulings by both Voelpel and McColl have been skewed in favor of

public adjusters and insureds."[40]  Plaintiff provides no support for this claim.

Defendant asserts that its proposed umpires are "professionals with reputations

for unbiased estimations . . . ."[41]  Additionally, defendant implicitly attacks any claim

of a bias by McColl against insurers by stating that he "has worked for Allstate, State

---

[36] *Id.* Ex. 5 (List of Hurricane and Tropical Storm Adjusting Work Performed by McColl).
[37] *Id.*
[38] Resume of Douglas McColl, at 2.
[39] Doc. no. 8 (Petitioner's Position Statement for Court Appointed Umpires), at 1.
[40] *Id.*
[41] Doc. no. 7 (Defendant's Memorandum in Support of Proffered Umpires), at 9.

Farm, Farmers Insurance Company, Liberty National, Bankers, and various other insurance companies," and that from "2007 to 2010 Mr. McColl worked on more than 100 appraisals for several insurance carriers in the Florida panhandle, South Florida, and Alabama."[42]  Insurers presumably would not hire as an appraiser an individual who was biased against them.

Defendant does not question the impartiality of plaintiff's proposed umpires.

## B.    Competence

The real crux of the dispute between the parties over the selection of an umpire is what qualifications make an individual a proper umpire.  Plaintiff asserts that a proper umpire is a neutral individual who can make a decision between the estimates made by the parties' appraisers free of background knowledge or opinions. Defendant asserts that a proper umpire is an individual with experience and training as an umpire and in the construction and insurance appraisal fields.

Plaintiff asserts that the umpire should be "an independent and neutral trier of fact" who will "consider each party's evidence and make determinations of the scope and amount of claimed property damages and alleged loss of business income."[43] Plaintiff believes that the issues to be resolved do not require "the umpire to be an

---

[42] *Id.* at 8.

[43] Doc. no. 8 (Petitioner's Position Statement for Court Appointed Umpires), at 1.

expert or have significant experience in wind damage claims or construction costs."[44]

Rather, plaintiff conceptualizes the function of the umpire as making "determinations of fact and rulings" on "the information from respective engineers and estimators" submitted by the parties and, thus, asserts that the "umpire need not be more experienced than a judge or jury who would decide the issues had the matter been filed as a lawsuit."[45] Plaintiff characterizes defendant's position as demanding "an umpire capable of disregarding the information to be submitted by the parties and willing to substitute his own opinion for those of the engineer reports."[46]

> Defendant claims that
>
> it is certainly the standard in the industry for the two . . . appraisers, when they can agree on an umpire, to select a qualified professional with construction, architectural, engineering or casualty insurance claims adjusting experience. Qualified appraisers very rarely, if ever, select an umpire with no experience in the claims adjusting or construction field.[47]

Defendant believes that the umpire needs to have a background in construction and insurance appraisal because "[i]t is expected that the real disputes between the parties will come down to the scope of work which has to be completed to provide the insured its replacement costs entitlement under the policy," and it will be difficult for

---

[44] *Id.* at 1-2.

[45] *Id.* at 2.

[46] *Id.*

[47] Doc. no. 7 (Defendant's Memorandum in Support of Proffered Umpires), at 5.

an individual without such a background to resolve this dispute.[48]

The court finds that defendant presents an overly complicated view of the umpire position and the appraisal process, and an overly simplified view of the qualifications of plaintiff's proposed umpires. An umpire essentially serves in the same role as that of a judge or jury tasked with deciding which of two damages calculations is correct. Judges and juries are entrusted with the ability to make such decisions despite their general lack of specialized knowledge. The umpire need only consider the evidence presented by each party in order to reach its decision. Thus, there is no reason that an attorney is not qualified to serve as an umpire.

Defendant also discounts the fact that while the attorneys proffered as potential umpires by plaintiff are not engineers or construction professionals, they each list construction law as one of the focuses of their practices. Throughout a career focusing, at least in part, on construction law, an attorney can accumulate a working knowledge of the construction industry. Thus, while not experts in construction or industry appraisal, plaintiff's proposed umpires possess a working knowledge sufficient to resolve the dispute between the parties. Additionally, each of the attorneys proposed by plaintiff have experience in arbitration, which essentially is the task the umpire must perform.

---

[48] *Id.*

## C.     Distance from the Loss

Defendant's proposed umpires reside in Mobile, Alabama, and Orlando, Florida, and both locations are significantly distant from the scene of the loss in Cullman, Alabama. Plaintiff's proposed umpires reside in Birmingham, Alabama, which obviously is much closer to the scene of the loss. Thus, plaintiff's proposed umpires would minimize the expenses for the parties due to the reduced travel costs to serve as umpire.

## III.  CONCLUSION AND ORDERS

A close reading of the pleadings filed in this case reveals the deep level of distrust that exists between the parties and their respective attorneys. Selection of any of the persons proffered as potential umpires would be misconstrued by the parties as a vindication of the fiscal interests of one at the expense of the other.

Accordingly, invoking the inherent supervisory powers of this court, and mindful of the fundamental proposition that an umpire should be impartial, honest, competent, and not reside an unreasonable distance from the scene of the loss,[49] this court rejects all of the parties' proposals, and ORDERS that Mr. Wilbur P. Fowler, MAI, the owner of Fowler Bedwell & Associates, Real Estate Appraisal and

---

[49] *See, e.g.*, 6 Appleman, *Insurance Law and Practice* § 3928, at 554 (1972); *Corpus Juris Secundum*, Insurance § 1897 (2011).

Consultant Services in Arab, Alabama, shall serve as umpire of the parties' dispute.[50]

A summary of Mr. Fowler's qualifications is attached.

The parties are further ORDERED to mail, *forthwith*, copies of all materials

necessary for Mr. Fowler to begin the process of assessing the loss in controversy,[51]

together with the names, addresses, telephone numbers, email addresses, and resumes

of the parties' respective appraisers. Other than those mailings — complete copies

of which shall be furnished to opposing counsel and to this court — *there must be no*

*contact by any representative of plaintiff or defendant with Mr. Fowler.*[52]  All

discussions and conferences between and among Mr. Fowler and the parties'

respective appraisers shall be initiated by Mr. Fowler. No representative of either

party may be present during any of such discussions or meetings, except such as may

be explicitly requested by Mr. Fowler. Mr. Fowler's fees and expenses shall be paid

in equal shares by the parties, within five business days of presentation.  Once a

decision is agreed to by any two members of the triumvirate (*i.e.*, the parties'

---

[50] *Cf. Romeo and Juliet*, act 3, scene 1, line 91 (a passage that often is misquoted as "a pox on both your houses." The line attributed to the character "Mercutio" in the play, however, actually reads – depending upon the edition of the play that one consults – either "A plague on both your houses!," or "A plague a' both your houses!").

[51] Wilbur P. ("Phil") Fowler, Fowler Bedwell & Associates, Real Estate Appraisal and Consultant Services, Post Office Box 488, Arab, Alabama 35016.

[52] This prohibition is not inclusive, but extends to each party's agents, servants, employees, attorneys, paralegals, investigators, or any other person regardless of description of the nature of the relationship with either party or their respective attorneys.

respective appraisers and Mr. Fowler as umpire), that decision shall be simultaneously reported, in writing, to this court and counsel for each party

**DONE** and **ORDERED** this 11th day of May, 2012.

_____
United States District Judge

Attachment (Qualification of Wilbur P. Fowler, MAI)

# QUALIFICATIONS
*Wilbur P. Fowler, MAI*

=====================================================================================

## Alabama State Certified General Real Estate Appraiser, No. CG00035

=====================================================================================

## EDUCATION:

Graduated from the University of Alabama, June 1966, receiving a B.S. degree in Business Administration, with a major in finance and major emphasis on real estate.

Completed Courses, I, II, III, IV and VI sponsored by the American Institute of Real Estate Appraisers. Attended Income Analysis Seminar of the American Institute of Real Estate Appraisers and successfully completed the R-2 Seminar and examination sponsored by the Society of Real Estate Appraisers prior to 1980, and was awarded the MAI designation in 1981.

Continuing specialized education from 1980 to the present included completion of the AIREA Standards of Professional Practice course and periodic updates. Other continuing education involved an average of 20 hours per year amounting to more than 500 credit hours in valuation/evaluation curriculum.

The Appraisal Institute conducts a voluntary program of continuing education for its designated members. Designated members who meet the minimum standards of this program are awarded periodic educational certification. I (Fowler - MAI 6197) am currently certified under this program.

Completed all requirements requisite to General Real Estate Appraiser certification by states of Alabama (CG-00035) and Tennessee (CG-1179).

=====================================================================================

## EXPERIENCE:

1976 to Present - Independent fee appraiser, appraising residential, agricultural, industrial, and commercial properties, easement, and Urban Renewal Projects. Owner and principal appraiser for Fowler Bedwell & Associates (formerly Fowler Appraisal), located in Arab, Alabama, and president and managing partner of AVE Real Estate Consultants, with offices in Arab and Huntsville, Alabama.

Provide advisory and consultant services to investment, environmental, accounting, legal, engineering, and property management clients with respect to use, development, redevelopment, or valuation of commercial and/or industrial real estate.

1966 to 1976 - Employed by the Tennessee Valley Authority as appraiser and review appraiser, completing and reviewing fee and easement appraisals for lake impoundment, railroad, transmission line and road right-of-way, as well as appraisal for fee purchase or sale of rural, urban, business, and industrial properties.

Serves as Federal Land Commissioner for the United States District Court, Alabama Northern Division.

=====================================================================================

## ORGANIZATIONS:

Member:  The Appraisal Institute  (MAI)
Member:  American Right-of-Way Association
Member:  American Society of Farm Managers and Rural Appraisers
Member:  Alabama Real Estate Appraiser Board (District Four)

=====================================================================================

## COURT TESTIMONY:

Qualified as expert in the Federal District Courts in Alabama, Georgia, Kentucky, Mississippi, and Tennessee, testifying in approximately 250 Federal condemnation litigation proceedings prior to 1976. More recent appearances involve testimony in the Circuit Courts of Alabama, and Federal Bankruptcy Courts in Alabama, Louisiana, Mississippi, and Tennessee. Testimony in real estate related litigation proceedings exceeds 400 cases.

## COMMERCIAL CLIENTS

Associated Commercial Investors, Arab, Alabama
Big 10 Tire Stores, Cullman, Alabama
Bobo Engineering, Arab, Alabama
Bonner Construction Company, Huntsville, Alabama
Bray Pharmacy, Albertville, Alabama
Brindley Construction Company, Pulaski, Tennessee
Brindlee Mt. Properties, LLC
Britt Medical Center, Scottsboro, Alabama
Burger King Corporation, Baton Rouge, Louisiana
Campbell Oil Company, Huntsville, Alabama
Carraway Burdick West Medical Center, Haleyville
Clark College, Atlanta, Georgia
Chevron Oil Company
Circle K Corporation, Phoenix, Arizona
Colormasters, LLC, Albertville, Alabama
Crosson Dannis, Inc., Dallas, Texas
Disraeli, LLC, Huntsville, Alabama
Dr. William English, Huntsville, Alabama
Duell, Yearout & Spina, P.C., Birmingham, Alabama
FPK Commercial, 1414 Hawaii Building, Honolulu, Hawaii
First Federal Savings and Loan, Augusta, Georgia
First Federal Savings and Loan, Ft Payne, Alabama
Hammond-Bunch Motor Company, Arab, Alabama
Handley Construction Company, Arab, Alabama
Hays Oil Company, Cullman, Alabama
Hollis White Properties, Albertville, Alabama
Kayo Oil Company, Chattanooga, Tennessee
Kirby Ford Co., Ft. Payne, Alabama
McDonald's Corporation, Nashville, Tennessee
McLain Properties, Huntsville, Alabama
Morgan Oil Company, Cullman, Alabama
Novogradac & Company, Limited, Rockville, Maryland
Oldfield Construction Company, Huntsville, Alabama
Peoples Tire Store, Huntsville, Alabama
Rax Restaurant, Huntsville, Alabama
RDJ Development, Inc. , Centre, Alabama
Royal Group Technologies, Quebec, Canada
Sarah Plunkett, CPA, Arab, Alabama
Smith Medical Center, Athens, Alabama
Spencer Oil Company, Huntsville, Alabama
Taco Bell Company, Irvine, California
Trammell Crow Company, Huntsville, Alabama
Van Schaack Company, Denver, Colorado
Wallace State College, Hanceville, Alabama
Wendy's Restaurants Wenco, Atlanta, Georgia
Williams Petroleum Inc., Arab, Alabama

## INDUSTRIAL CLIENTS

Applied Research, Inc., Huntsville, Alabama
Arab Interior Trim, LLC, Arab, Alabama
Blue Bell, Inc.
John Blue Company, Huntsville, Alabama
Borden Dairy Company
Bowling Industries Metal Plating, Arab, Alabama
Bryant Manufacturing, Albertville, Alabama
Bryson Hill & Associates, Huntsville, Alabama
Burnett-Nickelson Investments, Huntsville, Alabama
Carter Freeman Company, Honolulu, Hawaii
Cee Jays of Arkansas, Inc., Van Buren, Arkansas
City of Albertville, Alabama
Colsa, Inc., Huntsville, Alabama
Cordova Mills, Inc., Jasper, Alabama
Chrysler Corporation, Huntsville, Alabama
Chrysler UAW, Detroit, Michigan
Easy Trail Manufacturing Company, Huntsville, Alabama
Edison Company, Inc., Cullman, Alabama
Gold Kist, Inc., Atlanta, Georgia
Goza Mills, Ft. Payne, Alabama

## INDUSTRIAL CLIENTS (continued)

Hannah Industries, Albertville, Alabama
Heath-Latham  Properties, Huntsville, Alabama
ITEC Corporation, Huntsville, Alabama
Independent Stave Co., Lebanon, Missouri
Kappler Company, Guntersville, Alabama
Lala Ellen Mills, Ft. Payne, Alabama
Liberty Trouser, Birmingham, Alabama
McLain Real Estate, Huntsville, Alabama
M.I.T. Industries, Guntersville, Alabama
Mueller Company, Albertville, Alabama
National Door, Inc., California
Norfolk Southern Railroad, Atlanta, Georgia
Redstone Federal Credit Union, Huntsville, Alabama
Research Park Advisory Board, Huntsville, Alabama
J. T. Schrimsher Construction Company, Huntsville,  AL
SCI, Inc., Huntsville, Alabama
Seaboard Coastal Railroad System
Sierra Capital Corporation, San Francisco, California
Small Business Administration
Southerland Associates, Guntersville, Alabama
Steel Processing Services, Albertville, Alabama
Teledyne-Brown Engineers, Huntsville, Alabama
Tidwell Industries, Haleyville, Alabama
Universal Data Systems - Motorola, Inc., Huntsville, AL
Waddell Mechanical, Decatur, Alabama
Wells Fargo Realty Advisors, Atlanta, Georgia

## FINANCIAL INSTITUTIONS

AmSouth Bank
Bancorp South
The Bank, Alabama
Bank of Pensacola
Branch Banking & Trust Co., Raleigh, NC & Alpharetta, GA
Bridgeview Capital, Solutions, LLC, Atlanta, Georgia
C.I.T. Finance Company
Charter Mortgage Company
Citizens Bank of Alabama
Central Bank of the South
Coastal Bank and Trust, Florida
Colonial Bank, Huntsville, Alabama
Community Bank of Blountsville, Blountsville, Alabama
Commerce Bank
Compass Bank
Finance America, Huntsville, Alabama
First Alabama Bank
First American Bank, Huntsville, Alabama
First American Federal Savings and Loan, Huntsville, Alabama
First Commercial Bank, Albertville and Huntsville, Alabama
First Federal Savings and Loan, Arab, Alabama
First Federal Savings and Loan, Huntsville, Alabama
First National Bank, Birmingham, Alabama
First National Bank, Florence, Alabama
First Southern Mortgage Corporation, Huntsville, Alabama
Heller Financial, Chicago, IL
Heritage Bank, Huntsville, Alabama
The Home Bank of Guntersville, Guntersville, Alabama
Hometown Bank, Oneonta, Alabama
Jefferson Federal Savings and Loan, Birmingham, Alabama
Kissell Mortgage Company
Merrill Lynch
Mortgage America, Decatur, Alabama
Mortgage Corporation of the South
NationsBank Corporation, Atlanta, GA
People's Bank, Boaz, Alabama
People's Bank, Holly Pond, Alabama
Peoples Bank of North Alabama
RBC Centura Bank, Tampa, Florida
Real Estate Finance

## FINANCIAL INSTITUTIONS (Continued)

Redstone Federal Credit Union, Huntsville, Alabama
Regions Bank of Alabama
Regions Morgan Keegan, Birmingham, Alabama
Southeast Capital Investment, Inc.
SouthTrust Bank
Southeast Toyota Finance, Deerfield Beach, Florida
Southern Bank of Commerce
Stockton, Watley, Davin & Company, Cullman, Alabama
Superior Bank
Third National Bank, Nashville, Tennessee
Union Planters Bank
Wachovia

## SHOPPING CENTER CLIENTS

Aronov Realty Co., Inc., Montgomery, Alabama
Carbine Construction Co., Florence, Alabama
Clowers Construction Company, Huntsville, Alabama
James E. Conn, Nashville, Tennessee
First American Corporation
David Green Properties, Northridge California (Outlet Malls)
Hamilton Shopping Center, Hamilton, Alabama
Hazelfield Plaza, Hazel Green, Alabama
Hunnington Properties, Temple, Texas
Massachusetts Mutual
McLain Properties
Mookies, Inc., Boaz, Alabama
Morgan Oil Company, Cullman, Alabama
Odenville Shopping Center, Odenville, Alabama
Patel Properties
Ranger Properties, Dallas, Texas (Outlet Malls)
Retail Developers (Outlet Malls)
United Companies Financial

## SUBDIVISION CLIENTS

Barney Nickelson, Huntsville, Alabama
Brindley Construction Company, Pulaski, Tennessee
Central Bank, Huntsville, Alabama
Clayton Brock, Huntsville, Alabama
Clowers Investment, Inc., Huntsville, Alabama
David Lanier, Huntsville, Alabama
First American Federal Savings and Loan, Huntsville, AL
John Dobbins, Huntsville, Alabama
Jim Dunn Real Estate, Huntsville, Alabama
Jerry Smith, Madison, Alabama
Sorrell, Baker, Dotts, Huntsville, Alabama
SouthTrust Bank, Huntsville, Alabama
Third National Bank, Huntsville, Alabama

## HOTEL CLIENTS

Barclay House Investors, Huntsville, Alabama
Doug Owings, Owings Properties, Memphis, Tennessee
First Federal Savings and Loan Association, Ft. Payne, AL
K.R. Yedla, Huntsville, Alabama
Wells Fargo Realty Advisors, Atlanta, Georgia
Wenco Management Company, Inc., Atlanta, Georgia

## APARTMENT COMPLEX CLIENTS

Alston and Bird, Atlanta, Georgia
Altus Bank, Mobile, Alabama
Brown Asset Management, Inc., Athens, Alabama
Carroll Construction Company, Madison, Alabama
Central Bank of the South, Birmingham, Alabama
Cornelius Shih, Huntsville, Alabama
First Federal Savings and Loan, Huntsville, Alabama

## APARTMENT COMPLEX CLIENTS (Continued)

James I. Dawson, Huntsville, Alabama
Melvin Hines, Huntsville, Alabama
Hunnington Partners, Ltd., Houston, Texas
Jefferson Federal Savings and Loan, Birmingham, Alabama
Key Mortgage Corporation, Decatur, Alabama
NationsBank Corporation, Atlanta, Georgia
Manu Patel, Huntsville, Alabama
Rao Boorgu, Sheffield, Alabama
Resolution Trust Corporation, Mobile, Alabama
SouthTrust Bank of Alabama, Birmingham, Alabama
St Clair Federal Savings Bank, Pell City, Alabama
Union Labor Life Insurance, Washington, D.C.

## GOVERNMENTAL AGENCIES

Alabama D.O.T.
Alabama Forestry Commission
City of Albertville, Alabama
City of Arab, Alabama, D.C.D.
City of Birmingham, Alabama
City of Boaz, Alabama
City of Cullman, Alabama, D.C.D.
City of Gadsden
City of Haleyville, Alabama
City of Huntsville, Alabama, D.C.D.
City of Huntsville Utilities, Alabama
City of Ider, Alabama
City of Muscle Shoals, Alabama
City of Oneonta, Alabama
City of Priceville, Alabama
City of Scottsboro, Alabama
City of Sheffield, Alabama
City of Tuscumbia, Alabama
FDIC
Federal Aviation Administration
FmHA
H.U.D.
Huntsville City Board of Education
Huntsville Housing Authority
Madison County, Alabama
Marshall County, Alabama Commission
Resolution Trust Corporation
Small Business Administration
Tennessee Valley Authority
U.S. Postal Service
Veteran's Administration

## LAW FIRMS

Ables, Baxter, Parker & Hall, Huntsville, Alabama
Beck, Beck & Beck, Ft. Payne, Alabama
Bell & McConatha, Sylacauga, AL
John Bostwick, Birmingham, Alabama
Blackburn, Maloney & Schuppert, Decatur, Alabama
Bradley, Arant, Rose & White, Huntsville, Alabama
Michael Bryan, Arab, Alabama
Claud Burke, Arab, Alabama
Burr and Forman, Huntsville, Alabama
Clem Cartron, Huntsville, Alabama
John D. Clement, Jr., Muscle Shoals, Alabama
Cloud & Cloud, Huntsville Alabama
David Evans, Boaz, Alabama
Pitts, & Eckl, P.C., Florence, Alabama
French, Robert B. Jr., Fort Payne, Alabama
Hahn Loeser & Parks LLP, Columbus, Ohio
Helmsing, Leach, Herlong, Newman & Rouse, Mobile, AL
Higginbotham and Whitten, Florence, Alabama
Clark E. Johnson, Arab, Alabama

## LAW FIRMS (Continued)

Keller and Pitts, Florence, Alabama
Lange, Simpson, Robinson and Somerville, Huntsville, AL
Lanier, Ford, Shaver, Payne, P.C., Huntsville, Alabama
Long, Flanagan & McDonald, Guntersville, Alabama
Morris, Smith, Siniard, Clouds, Fees and Conchin, Huntsville, AL
Mooring, Schrimsher and Riley, Huntsville, Alabama
Dalton Nesmith, Oneonta, Alabama
Friedman, Leak & Bloom, Birmingham, Alabama
Ogden, Jones, Guntersville, Alabama
Travers W. Paine, III, Augusta, Georgia
Patton, McCelvy and Kennemer, Tuscumbia, Alabama
Alexander Smith, Oneonta, Alabama
Spurrier and Rice, Huntsville, Alabama
Patrick Tate, Ft. Payne, Alabama
Patton, Latham, Legge & Cole, Athens, Alabama
Thomas and Proctor, Scottsboro, Alabama
Tingle and Morris, Huntsville, Alabama
Nash Walker, Oneonta, Alabama
Watson, Gammons and Fees, Huntsville, Alabama
Stephens, Millirons, Harrison & Gammons, Huntsville, Alabama
Poisson, Poisson, Bower & Clodfelter, Wadesboro, N.C.
Lusk & Lusk, Guntersville, Alabama
Rose Law Firm, Little Rock, Arkansas
Wilmer & Lee, Decatur and Huntsville, Alabama

## RELOCATION FIRMS

Proskauer Rose, LLP, New York, New York
Coldwell Bankers
Employee Relocation Council
Employee Transfer Corporation
Executrans
Lenders Service
Merrill Lynch
Sperry Univac
TransAmerica

## SPECIAL PURPOSE CLIENTS

A-1 Mobile Homes, Decatur, Alabama
Ashland, Inc., Lexington, Kentucky
Charles Anderson, Florence, Alabama
Big Cove Properties, LLC, Huntsville, Alabama
Bragg Limited Partnership I, Huntsville, Alabama
Business Reform Foundation, Perrysburg, Ohio
Ronald Blue Company, Montgomery & Birmingham, AL
Boy Scout of America, Birmingham, Alabama
Cavalier Homes of Alabama, Inc., Addison, Alabama
Cee Jays of Arkansas (Truck Stop Developers)
Central Baptist Church, Decatur, Alabama
EnviroMate, FLG, LLC, Moulton, Alabama
Evergreen, Ltd, Killen, Alabama
Ferguson Farms, Union Grove, Alabama
First Methodist Church, Arab, Alabama
Gilbert Baker Ford, Albertville, Alabama
Goldsmith, Margaret Anne, Huntsville, Alabama
The Great Combine (Granary)
Bill Heard Enterprises, Columbia, Georgia
Bob Hembree Buick/Chevrolet, Guntersville, Alabama
Hillabee Brick Company, Alexander City, Alabama
Hudson, James R., Huntsville, Alabama
Lovorn Gin and Warehouse Company, Haleyville, Alabama
Jane Lowe Foundation, Huntsville, Alabama
Madison County Commission, Huntsville, Alabama
Madison County Executive Airport Authority, Alabama
L. Miller & Sons, Huntsville, Alabama
Lillie Mitchell, Germantown, Tennessee
Money Machinery, Birmingham, Alabama
Mountain Lakes Resorts, Inc., Guntersville, Alabama

## SPECIAL PURPOSE CLIENTS (Continued)

Murphy Family Limited Partnership, Huntsville, Alabama
North Alabama Fair Association, Florence, Alabama
North Alabama Sports Center, Arab, Alabama
Pryor Properties, Tanner, Alabama
Pursell Farms, Talladega, Alabama
Robinsong Ecological Resources, Inc.
S & H Properties, Huntsville, Alabama
Karen Wheaton Ministries, Hamilton, Alabama
W. Y. Shugart & Sons, Inc., Fort Payne, Alabama
Southeastern Sports Arena, Decatur, Alabama
Stanmore, Dr. Roger, Madison, Madison County, Alabama
Stoney Brook Golf Course, Jacksonville, Alabama
Stoney Mountain Golf Course, Georgia Mountain, Alabama
Tennessee Valley Recycling, Decatur, Sheffield, Alabama
TK Lands, Gadsden, Alabama
Morgan Weeks, Scottsboro, Alabama
White Gin Company, Albertville, Alabama
University of Alabama Huntsville, Huntsville, Alabama
University of North Alabama, Florence, Alabama
Yeager & Boyd, Birmingham, Alabama

## CONSULTANT CLIENTS

AmSouth Bank
ANCO, Florence, Alabama
Bankers Trust, Huntsville, Alabama
Barney Nichelson, Huntsville, Alabama
Brindley Construction Company, Pulaski, Tennessee
Bragg-Dabney Management, Birmingham, Alabama
Brock-Latham Properties, Huntsville, Alabama
Cecil Clowers, Huntsville, Alabama
Central Bank of the South
Chase Manhattan, Real Estate Division, Miami, Florida
Chester West Construction Co., Huntsville, Alabama
City of Albertville, Albertville, Alabama
City of Arab, Arab, Alabama
City of Huntsville, Huntsville, Alabama
City of Muscle Shoals, Muscle Shoals, Alabama
City of Sheffield, Sheffield, Alabama
City of Tuscumbia, Tuscumbia, Alabama
Colonial Bank
Emmett Coshatt, Tucson, Arizona
Elizabeth M. Daniel, Memphis, Tennessee
First Alabama Bank
First Commercial Bank
FPI Huntsville Partners 841, Ltd., Huntsville, Alabama
Leggat McCall Advisors, Boston-Washington D.C.
Long, Mary Margaret Lanier, Huntsville, Alabama
Gene McLain Real Estate, Huntsville, Alabama
Goldsmith Family Properties, Huntsville, Alabama
Heath-Latham Company, Huntsville, Alabama
Kyuka Spring, Attalla, Alabama
Mason-Richfield, Huntsville, Alabama
Clara McDonald, Huntsville, Alabama
Warren Clark Moore, Huntsville, Alabama
Morris, Smith, Siniard, Clouds, Fees and Conchin, Huntsville, AL
Owings Properties, Memphis. Tennessee
Patel Properties, Huntsville, Alabama
Pillow Properties, Florence, Alabama
Pursell Industries, Inc., Talladega, Alabama
Randy Hairston, Pulaski, Tennessee
Randy Schrimsher, Huntsville, Alabama
Ray Bissell, Huntsville, Alabama
Ray Buchmann, Cullman, Alabama
Britt Sexton, Waterfront Development LLC, Decatur, Alabama
Sierra Capital, San Francisco, California
Southpace Properties, Birmingham, Alabama
Trammell Crow Company, Huntsville, Alabama
Tri-Star Developers, Dallas, Texas